UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAM NELIS,

      Plaintiff,

v.                                           Case No. 06-C-1220

T. JAHNKE, CATHY JESS,
LORI SIMON, PHIL KINGSTON, et al.,

      Defendants.

### MEMORANDUM AND ORDER

Plaintiff Sam Nelis, who is proceeding pro se and is currently incarcerated at Waupun Correctional Institution ("WCI"), lodged a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff seeks only monetary damages.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to, or the average monthly balance in, the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $16.75. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

**Verbal Abuse**

Plaintiff claims that defendant Jahnke, a correctional officer at Dodge Correction Institution ("DCI"),[2] violated his constitutional rights by verbally abusing him on account of his race, and that other defendants at DCI violated his constitutional rights by failing to correct the abuse. However, verbal abuse by a prison guard does not give rise to a cause of action under § 1983, even if it is racially motivated. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982). Any claims arising from alleged verbal abuse will therefore be dismissed.

**Interference with Prisoner Complaints**

Next, plaintiff claims that defendant Jahnke violated his due process rights by tampering with his prisoner complaints. With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill.1982) (citing *Shango v. Jurich*, 681 F.2d 1091, 1101-02 (7th Cir.1982)). Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process

---

[2] According to plaintiff's complaint, he was incarcerated at DCI until February 17, 2005, after which he was transferred to Waupun Correctional Institution ("WCI"). Thus, some defendants are employees or officials at DCI, while the remaining defendants work at WCI.

3

Clause. *Id.* Thus, plaintiff's due process claims arising from Jahnke's alleged tampering with his complaints will be dismissed.

It is conceivable that Jahnke's alleged interference could implicate plaintiff's First Amendment right of access to the courts, provided two requirements are met. First, the plaintiff must have suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996). Actual injury includes (but is not necessarily limited to) prejudice to contemplated or existing litigation, such as a plaintiff's missing a filing deadline or being foreclosed from presenting a certain claim to the courts. *Id.* at 351. The second requirement for a claim of denial of access to the courts is that the interference must be intentional; negligent conduct by a government official is insufficient to support a claim under § 1983. *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). Given that a prisoner is required to exhaust his administrative remedies prior to bringing a § 1983 claim, Jahnke's allegedly intentional interference with plaintiff's use of the prison grievance system could prejudice plaintiff in his effort to institute an action in federal court. In order to state a claim for denial of access to court, however, a plaintiff must "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir.2003); *see also Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff's complaint contains no such allegation, and so this claim, too, must be dismissed.

**Retaliation**

Plaintiff also claims Jahnke threatened to retaliate for plaintiff's use of the prisoner complaint system. Prisoners are entitled to utilize available grievance procedures without threat of retaliation. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Furthermore, a retaliation claim brought under § 1983 need not allege conduct that independently violates the Constitution;

4

it is sufficient if the conduct is done with an improper, retaliatory motive. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). However, a threat to retaliate, without actually following through on the threat, does not state a claim. Plaintiff fails to allege any action Jahnke took in retaliation for his filing a grievance. He therefore fails to state a retaliation claim against Jahnke.

Plaintiff also alleges that inmates retaliated against him when he attempted to resolve a threatening situation in the food services department. Section 1983 claims can be brought only against persons acting under color of state law. Given that inmates are not persons acting under color of state law, plaintiff cannot maintain a § 1983 claim against them.

**Free Exercise of Religion**

Plaintiff also alleges that defendants at WCI violated his First Amendment right to exercise his Native American religion after safety concerns led him to quit his prison job. According to plaintiff, he quit his voluntary employment with the WCI food service department because he feared that co-workers would harm him. As a result of stepping down from his job, plaintiff fell under a prison rule that denied various activities, including attendance at "chapel studies,"[3] to prisoners who were unwilling to accept a prison assignment.[4] Under another prison rule, each religion was required to have a minimum number of adherents in order to qualify for a congregate service; religions falling short of that minimum number of adherents, such as plaintiff's, were categorized as "umbrella" religion study groups and were entitled only to chapel studies. Again, chapel studies

---

[3] According to plaintiff, the prison rule was modified in December, 2005, so as to allow inmates in voluntary unassigned status to attend one religious activity per week. (Compl. ¶ 35.)

[4] Plaintiff argues that this "voluntary unassigned status" was unjustified in his circumstances, as he stepped down not because he was unwilling to work, but because he was concerned that co-workers in the food service department would harm him. (Compl. ¶¶ 28-30.)

5

were among the activities denied those placed in voluntary unassigned status. A prisoner clearly has a right to practice his religion so long as he does not unduly burden the prison by doing so. *Turner v. Safley*, 482 U.S. 78 (1987); *Richards v. White*, 957 F.2d 471 (7th Cir. 1992). Congress has given this right increased protection under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.A. § 2000cc(b)(3)(A). Accordingly, plaintiff will be allowed to proceed on his First Amendment free-exercise claims against defendants Lori Simon, identified as the Corrections Program Supervisor; Clements, who is identified as the Security Supervisor; and Warden Phil Kingston, all of whom plaintiff alleges were involved in the enforcement of the challenged rule or rejected plaintiff's request to be excused from its operation.

**Official Capacity Liability**

With the exception of his claims against defendants Cathy Jess and John Doe #3, plaintiff seeks to sue defendants in both their individual capacity and their official capacity as Wisconsin Department of Corrections employees or officials. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is tantamount to a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits in federal court against non-consenting states. Plaintiff's official capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person who may be sued under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71.

**CONCLUSION**

Because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed. More particularly, plaintiff may proceed with his First Amendment claim against

6

defendants Simon, Kingston, and Clements in their individual capacities only. All other claims will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $333.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants Kingston, Simon and Clements at Waupun Correctional Institution, pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

7

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   21st   day of December, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

8

Case 1:06-cv-01220-WCG   Filed 12/22/06   Page 8 of 8   Document 4