UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAM NELIS,

        Plaintiff,

v.                                     Case No. 06-C-1220

PHIL KINGSTON, et al,

        Defendant.

**ORDER**

On November 22, 2006, *pro se* plaintiff Sam Nelis, currently an inmate at Waupun Correctional Institution (WCI), filed a motion seeking leave to proceed *in forma pauperis* on his 42 U.S.C. § 1983 claim against various prison employees and WCI officials for an alleged violation of his civil rights. On December 22, 2006, the court entered a screening order pursuant to 28 U.S.C. § 1915A in which it dismissed Nelis' claims for verbal abuse, interference with prisoner complaints and retaliation, but allowed him to proceed on his claim that the defendants had violated his First Amendment right to freely exercise his religion. Even as to that claim, however, the court dismissed Nelis' claims against the defendants in their official capacities, noting that official capacity claims were tantamount to suits against the state which were barred under the Eleventh Amendment and *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Nelis has now filed a motion asking the court to reconsider its ruling dismissing the official capacity claims against the defendants. His argument in support of his motion, however, addresses only the substantive merits of his claim and not the liability of defendants for damage claims in their

official capacity. In fact, Nelis seems not to understand that the court's order does not prohibit his proceeding against these defendants in their individual capacities. The court simply held that the damage claims against the defendants in their official capacities were, in reality, suits against the state which are barred under the Eleventh Amendment and § 1983. Since Nelis offers no reason to question this ruling, his motion for reconsideration will be denied.

Nelis has also moved for appointment of counsel. He claims that he is unable to afford counsel and has been unable to otherwise retain an attorney, despite significant efforts. Nelis contends that because of the complexity of the issues in the case, significant research and investigation will be required. Because his imprisonment will greatly limit his ability to conduct such research and investigation, plaintiff requests that the court appoint counsel.

Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent him, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is no funding for appointed counsel in civil cases, and counsel is therefore rarely asked to represent civil litigants on a pro bono basis. Once the plaintiff has established that he has used reasonable efforts to obtain counsel on his own but was unsuccessful, the court considers the following factors in determining whether to appoint:

> 1) The merits of the indigent's claim for relief; 2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; 3) Whether the nature of the evidence indicates that the truth will be more likely to expose where both sides are represented by counsel; 4) The capability of the indigent to present the case; and 5) The complexity of the legal issues raised by the complaint.

*Id* at 1072.

Upon consideration of the above factors, the court concludes, at least at this point, that plaintiff's motion should be denied. Although the law concerning inmates' First Amendment right to the free exercise of their religion is not entirely clear, plaintiff's case is not factually complex. He is personally aware of the actions taken by the defendants that allegedly form the basis of his claim against them. Moreover, his challenge appears to be to the written regulations and policies that they were following. Thus, it does not appear to be a case that requires a great deal of discovery or investigation. While plaintiff claims he has limited access to a law library, the fact that he has access at all places him in a significantly better position than many *pro se* litigants who are not incarcerated. The court also notes that plaintiff appears reasonably intelligent and capable of expressing himself in written language. It therefore appears, at least at this point, that counsel need not be appointed. As the case proceeds beyond the pleading stage, the court will give further consideration to the plaintiff's request. If it appears that the case is sufficiently meritorious and complex to warrant appointment of counsel, the court will make such an appointment. At least as this point, however, the motion for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (dkt. # 6) and his motion for appointment of counsel (dkt. # 7) are **DENIED**.

Dated this   5th   day of January, 2007.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge